ORIGINAL

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

MICAH SMITH
Deputy Chief, Criminal Division

MORGAN EARLY #10104
GREGG PARIS YATES #8225
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Emails:    Morgan.Early@usdoj.gov
           Gregg.Yates@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 07 2021

at 4 o'clock and 00 min. P M
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 20-00045 JMS |
| Plaintiff, | ) MEMORANDUM OF PLEA<br>) AGREEMENT |
| vs. | ) DATE: July 7, 2021 |
| MICAH GOODALE, | ) TIME: 10:00 AM<br>) JUDGE: Hon. J. Michael Seabright |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, MICAH GOODALE, and his attorney, Craig Jerome, Esq., have agreed upon the following:

## THE CHARGES

1. The defendant acknowledges that he has been charged in the Indictment with violating Title 18, United States Code, Section 2261A(2)(B).

2. The defendant has read the charge against him contained in the Indictment, and that charge has been fully explained to him by his attorney.

3. The defendant fully understands the nature and elements of the crime with which he has been charged.

## THE AGREEMENT

4. The defendant will enter a voluntary plea of guilty to the Indictment, which charges him with one count of using a facility of interstate and foreign commerce to engage in a course of conduct that did cause and attempted to cause substantial emotional distress to another person, all with the intent to harass, intimidate, and cause substantial emotional distress to that person. In return, the United States Attorney's Office agrees not to file additional charges against the defendant related to his online activity and communications with AF1 from November 1, 2019, up until his arrest on May 10, 2020, or related to the possession of a firearm on or about May 10, 2020, based upon the information known to the

government as of the date this agreement is signed by all parties. Further, the government agrees to be bound by the stipulations set forth in paragraph 10 of this plea agreement. The United States and the defendant agree that this is a Federal Rule of Criminal Procedure 11(c)(1)(C) binding plea agreement, to wit, the United States and the defendant agree that the specific sentence of a term of imprisonment of 24 – 36 months is the appropriate disposition of this case, after consideration of all the facts and circumstances and 18 U.S.C. § 3553(a) factors. The United States and the defendant agree that pursuant to Federal Rule of Criminal Procedure 11(c)(5)(B), if the Court rejects this plea agreement, the defendant may withdraw from it. Defendant enters into this agreement in exchange for the concessions made by the United States Attorney's Office.

5.  The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.  The defendant enters this plea because he is in fact guilty of using a facility of interstate and foreign commerce to engage in a course of conduct that did cause and attempted to cause substantial emotional distress to another person, all with the intent to harass, intimidate, and cause substantial emotional distress to that person, as charged in Indictment, and he agrees that this plea is voluntary and not the result of force or threats.

## **PENALTIES**

7. The defendant understands that the penalties for the offense to which he is pleading guilty include:

    a. A term of imprisonment of up to 5 years and a fine of up to $250,000, plus a term of supervised release up to 3 years.

    b. In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty. The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

    c. **Restitution.** The Court must also award restitution pursuant to Title 18, United States Code, Section 3663A, to the persons and entities victimized by the defendant's offenses. The defendant understands that the Court will determine the amounts of restitution to be ordered, as well as the persons and entities entitled to such restitution, with the assistance of the United States Probation Office. The defendant agrees to pay restitution for all losses caused by

4

the defendant's conduct, regardless of whether the counts of the Indictment associated with such losses will be dismissed as part of this Agreement.

## FACTUAL STIPULATIONS

8. The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

a. On November 13, 2019, the defendant signed into a social media account that belonged to his ex-girlfriend, an Adult Female ("AF1"), who then resided in the District of Hawaii. Once he accessed her account, the defendant posted links to a website ("the Website") that generally hosts adult pornographic content. Prior to this date, the defendant had created a page on the Website and uploaded content that included sexually explicit and graphic videos of AF1, including videos of AF1 engaged in sexual intercourse with the defendant, as well as AF1's full name, phone number, and address. This link was visible to AF1's friends and family on her social media account.

b. On December 1, 2019, the defendant uploaded additional content that included sexually explicit and graphic videos of AF1 to several albums on the Website.

   c. The defendant admits that his actions set forth above comprised a course of conduct that was intended to harass, intimidate, and cause substantial emotional distress to AF1. The defendant's actions would be reasonably expected to cause AF1 substantial emotional distress.

   d. The defendant committed the actions set forth above using facilities of interstate and foreign commerce, including internet websites, cellphone text messages, and email.

  9. Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

  10. Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

   a. The sentence to be imposed is **24 – 36 months imprisonment**, and a $100 special assessment. This agreement does not address any term of

supervised release or restitution order that the Court may impose at sentencing, and therefore the length of any term of supervised release, or restitution order, remains at the discretion of the Court.

   b. This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which authorizes the parties to agree upon a specific sentence as an appropriate disposition of the case. The parties agree that a term of imprisonment within the range of 24 – 36 months, and a $100 special assessment, is the appropriate disposition of this case based on a consideration of all the facts and circumstances and the 18 U.S.C. § 3553(a) factors.

   c. The defendant understands that, pursuant to Federal Rule of Criminal Procedure 11(c)(3), the Court may accept this plea agreement, reject it, or defer a decision until the Court has reviewed the presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the plea agreement will not undermine the statutory purposes of sentencing. If the Court accepts this plea agreement, it will inform the defendant that the agreed upon disposition of a term of imprisonment in the range of 24 – 36 months, a $100 special assessment, and any term of

7

supervised release and restitution order will be the total imposed sentence, and will be included in the final judgment.

    d.  The parties agree that if the Court rejects the agreed upon sentence, the defendant has the right to withdraw his plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(5)(B). In addition, the parties agree that if the Court rejects the agreed upon sentence, the United States shall have the right to withdraw from the Plea Agreement, and if either party does so, the agreement shall be null and void and neither the United States nor the defendant shall be bound by it. Nothing in this plea agreement shall bind or restrict the court in any way with respect to other aspects of sentencing, including but not limited to the level of any fine, the terms and conditions of supervised release, or restitution. The parties understand that the Court's rejection of any factual stipulation between the parties does not constitute a refusal to accept this plea agreement, because the Court is expressly not bound by factual stipulations between the parties.

    e.  As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility

8

continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

    f. The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

    11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that, apart from the agreed upon sentence pursuant to Federal

Rule of Criminal Procedure 11(c)(1)(C), the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12. The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13. The defendant is aware that he has the right to appeal his conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence, restitution, or forfeiture order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

    a. The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as

10

indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.  If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

c.  The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14.  In connection with the collection of restitution or other financial obligations that may be imposed upon him, the defendant agrees as follows:

a.  The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement. To avoid the requirement of the defendant completing financial

11

statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

    b. The defendant expressly authorizes the United States Attorney's Office to obtain his credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The defendant also

12

authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

    c.    Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## IMPOSITION OF SENTENCE

15.    The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16.    The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately

reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## **WAIVER OF TRIAL RIGHTS**

17. The defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

18. The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

19. If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes

15

a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The _only_ exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

20.  The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21.  The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this

16

Agreement, to induce the defendant to plead guilty. Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

22. To become effective, this Agreement must be signed by all signatories listed below.

//

//

//

//

//

//

//

//

//

//

//

//

//

23. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

AGREED:

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

_____   Dated: 6/29/21
MICAH SMITH
Deputy Chief, Criminal Division

_____   Dated: 6/30/21
MORGAN EARLY
GREGG PARIS YATES
Assistant U.S. Attorneys

_____   Dated: 6/29/21
MICAH GOODALE
Defendant

_____   Dated: 6/29/2021
CRAIG JEROME
Attorney for Defendant